IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LORI A. STEWART,

      Plaintiff,

v.

COMMERCIAL RECOVERY SYSTEMS, INC.;

      Defendant.

## COMPLAINT FOR DAMAGES

1. Defendant Commercial Recovery Systems, Inc., a Texas debt collection agency, falsely threatened that a lawsuit would be filed against Plaintiff Lori A. Stewart, that her wages would be garnished and that an "IRS audit" would be conducted against her. It also gave a false sense of urgency concerning the threatened lawsuit. Ms. Stewart seeks damages under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and New Mexico consumer protection law.

### Jurisdiction

2. This Court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k(d), and under 28 U.S.C. §§ 1331 & 1337. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

### Parties

3. Plaintiff Lori A. Stewart resides in Albuquerque, New Mexico. She is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Defendant Commercial Recovery Systems, Inc. ("CRS") is a debt collection agency based in Dallas, Texas, whose principal business is the collection of consumer debts. It

regularly collects or attempts to collect debts originally owed or due or asserted to be owed or due another. It is licensed as a collection agency by the New Mexico Financial Institutions Division. CRS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**Facts**

5. In a letter dated December 21, 2010, CRS demanded that Ms. Stewart pay $3,884.35, which it claimed was the balance due on a debt owned by "Ras Group."

6. In this letter, CRS, in the largest type on the letter, against a bright yellow background, indicated that the letter is "Urgent Communication."

7. Based on the information provided, Ms. Stewart had no idea who was the original creditor on the debt or even what sort of debt CRS claimed the account to be. As a result, Ms. Stewart could not determine whether she truly owed this debt or not.

8. On January 4, 2011, CRS telephoned Ms. Stewart's home telephone and spoke with her husband. The collector threatened that a lawsuit would be filed imminently, with a process server to serve Ms. Stewart personally, and that Ms. Stewart's wages would be garnished. The collector also stated that an "IRS audit" would be performed against Ms. Stewart.

9. Ms. Stewart's husband told the collector that he would call back later that same day.

10. Ms. Stewart's husband called back later that same day and left a voicemail message with CRS.

11. The next day, January 5, 2011, CRS telephoned Ms. Stewart's husband. Ms. Stewart's husband talked to the same collector as with the first call. He tried to determine the nature of the debt. He asked the name of the original creditor. The collector stated that

CRS was the original creditor but later in the conversation stated that the account concerned a credit card opened in 1999. Ms. Stewart's husband then tried to make payment arrangements that would include monthly payments, but he was refused. The collector referred to the "case number" and stated that court papers would be served very soon.

12. Upon information and belief, CRS has never filed a lawsuit in New Mexico.

13. Upon information and belief, CRS has never garnished the wages of a New Mexico consumer debtor.

14. CRS did not intend to file a lawsuit against Ms. Stewart nor did it intend to garnish her wages.

15. CRS engages in a pattern and practice of:

    a. falsely threatening that a lawsuit will be filed against consumer debtors;

    b. falsely threatening that it will garnish a consumer debtor's wages;

    c. falsely threatening that an "IRS audit" will be conducted against consumer debtors; and

    d. giving a false sense of urgency concerning threatened lawsuits.

16. As a result of CRS's conduct, Ms. Stewart has suffered actual damages, including:

    a. Out of pocket expenses;

    b. Lost time; and

    c. Aggravation and frustration.

**First Claim for Relief: Violations of the FDCPA**

17. CRS's actions violate the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 192e(10), 1692f and 1692f(6)

18. Ms. Stewart is entitled to recover statutory damages, actual damages and reasonable attorney fees and costs.

### Second Claim for Relief: Violations of the New Mexico Unfair Practices Act

19. CRS's actions constitute unfair or deceptive trade practices within the meaning of the New Mexico Unfair Practices Act ("UPA"), as defined by NMSA 1978 § 57-12-2(D) generally and NMSA 1978 §§ 57-12-2(D)(14) and (15) specifically.

20. CRS willfully engaged in these unlawful trade practices.

21. Ms. Stewart is entitled to recover actual or statutory damages, actual or statutory damages trebled, plus reasonable attorney fees and costs.

### Third Claim for Relief: Tortious Debt Collection

22. CRS's actions and inactions constitute unreasonable and tortious debt collection practices in violation of the doctrine enunciated by the New Mexico Supreme Court in *Montgomery Ward v. Larragoite*, 81 N.M. 383, 467 P.2d 399 (1970).

23. Ms. Stewart is entitled to recover actual and punitive damages in an amount to be determined at trial.

### Request for Relief

Ms. Stewart requests that this Court:

A. Award statutory and actual damages, for violations of the FDCPA;

B. Award statutory or actual damages, trebled, for violations of UPA;

C. Award actual and punitive damages, for tortious debt collection;

D. Award reasonable attorney fees and costs; and

E. Award such other relief as the Court deems just and proper.

Respectfully submitted,

TREINEN LAW OFFICE

_____
ROB TREINEN
500 Tijeras Ave NW
Albuquerque, New Mexico 87102
(505) 247-1980
(505) 843-7129 (fax)